UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 17-42579

DARLENE SHOLA GORDON-GARIGAN,                       Chapter 13

        Debtor.                             Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S UTILITY MOTION**

This Chapter 13 case is before the Court on the Debtor's motion, filed July 31, 2017, entitled "Debtor's Motion to Compel DTE Energy Restore Services to Debtor's Residence; Require DTE Energy to Issue A Debtor A Post-Petition Bill; and Request For Sanctions For Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. §362(a), *et. seq.*" (Docket # 35, the "Utility Motion"). The Debtor also has filed a motion for an expedited hearing on the Utility Motion (Docket # 36, the "Expedited Hearing Motion").

The Debtor filed this Chapter 13 case on February 27, 2017. In her Schedule E/F, filed March 13, 2017 (Docket # 9), the Debtor stated that she owed an undisputed, pre-petition debt to DTE Energy in the amount of $1,900.79, for utility service. The Debtor's Motion alleges that DTE shut off the Debtor's home utility services, very recently, because of a past-due balance owing for utility service.

On July 31, 2017, the Court entered an order requiring the Debtor, no later than August 2, 2017, to file a supplement to the Utility Motion, "explaining why the Debtor contends that DTE Energy did not have a right to shut off the utility service as and when it did, under 11 U.S.C. § 366(a) and (b)." (Docket # 37, the "Supplement Order.") The Supplement Order noted that neither the Utility Motion nor the Expedited Hearing Motion discussed or even mentioned § 366.

The Debtor timely filed the Supplement required by the Supplement Order, on July 31, 2017. (*See* Docket # 38, the "Supplement.") The Court has reviewed the Supplement and concludes that a hearing on the Debtor's Utility Motion is not necessary, and that the motion must be denied. The Utility Motion and the Supplement fail to show that the Debtor fulfilled her obligations under § 366(b). The Debtor is therefore not entitled to any of the relief requested in the Utility Motion.

Section 366 of the Bankruptcy Code provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title **or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.**
>
> **(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.** On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366 (emphasis added).

The Debtor does not allege that she furnished adequate assurance of payment, in the form of a deposit or other security, within 20 days after the February 27, 2017 petition date.[1] Under § 366(b), the Debtor was required to furnish adequate assurance of payment to DTE Energy no later than March 19, 2017. The Debtor does not allege that she took any steps whatsoever to

---

[1] The petition date in this case also is the date of the order for relief. Under 11 U.S.C. § 301(b), "[t]he commencement of a voluntary case under a chapter of [the Bankruptcy Code] constitutes an order for relief under such chapter."

even try to meet this requirement. The Supplement indicates that the Debtor did not even contact DTE Energy regarding her utility service until June 9, 2017, after the Debtor received a shutoff notice. (*See* Supplement at 2 ¶¶ e-f.) By that time, the Debtor had already lost whatever statutory protection she had under § 366(a) and (b) against termination by DTE Energy of her utility services. *See Weisel v. Dominion Peoples Gas Co.* (*In re Weisel*), 400 B.R. 457, 463 (Bankr. W.D. Pa. 2009), *aff'd*, 428 B.R. 185 (W.D. Pa. 2010). The Debtor's Supplement alleges that DTE Energy did not "exercise its rights under 11 U.S.C. § 366 and request a security deposit." (*See* Supplement at 2 ¶ g.) But, this fact does not help the Debtor, because it is the Debtor, not DTE Energy, who was required to act under § 366. In *Weisel*, the court explained: "It is no answer to this issue by pointing to the lack of any action on [the utility's] part during the 20–day statutory period allowed for receipt of a deposit from the Debtors. The statute imposes no such burden on utilities." *Id.* The *Weisel* court explained further that:

> [t]he statutory language [of § 366(b)] is clear and unambiguous in providing that adequate assurance of payment must be "furnished" within 20 days of the order for relief or the utility will be free to alter, refuse or discontinue service.
> . . .
>
> Of course, nothing in *Section 366(b)* requires a utility to discontinue service if adequate assurance of payment is not furnished within the 20 day period. In such circumstances the utility may voluntarily elect to continue providing service to the debtor and should be free to do so without thereby being found to have somehow resurrected and once again become subject to the strictures *of Section 366(b)* as if a timely adequate assurance of payment had been furnished by the debtor.

*Id.* at 464 (italics in original).

Because DTE Energy had the statutory right to terminate the Debtor's utility service when it did, such action by DTE Energy was not a violation of the automatic stay. *Cf. In re Santa*

3

*Clara Circuits West*, 27 B.R. 680, 682-83 (Bankr. D. Utah 1982) (a utility's demand for a cash deposit under § 366 does not violate the automatic stay).

For these reasons,

IT IS ORDERED that the Utility Motion (Docket # 35) is denied.

**Signed on August 3, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**